IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria, Virginia

| | |
|---|---|
| United States of America,   ) | |
| ) | |
| v.   ) | Case No. 1:05mj210 |
| ) | |
| Eric Martin,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

## MEMORANDUM OPINION

This matter was under advisement on defendant's objection to the testimony presented at his probation revocation hearing. The merits of the objection have been fully briefed and argued. For the following reasons, the court finds the government need not produce as a witness the lab technician who performed the drug test which led to defendant's probation violation.

## Summary of the Case

On August 24, 2005, this court placed defendant on one year of supervised probation after he pled guilty to possession of marijuana and other charges. On July 28, 2006, U.S. probation officer Kenneth G. Orsino submitted a petition to the court asserting that defendant had violated certain conditions of probation and requesting that the court issue a summons directing that defendant appear before the court to show cause why supervision should not be revoked.

The court issued a summons ordering that defendant appear to respond to the allegations in the petition, and evidentiary hearings were then held on September 19, 2006 and September 26, 2006.

The petition on probation set forth that as a condition of his probation defendant was required to enter and successfully complete an alcohol education class as directed by his

probation officer. The probation officer directed defendant to participate in the Alexandria Alcohol Safety Action Program ("ASAP"). As part of that program, defendant explicitly agreed on two separate occasions to Condition 6 of the ASAP agreement, namely to abstain from use of any illegal mood-altering drugs.[1]

To ensure that the conditions of its participation agreements are followed, ASAP administers drug tests to all class participants. ASAP collects urine samples, codes them with participant numbers, and sends the samples to the Redwood Toxicology Laboratory in Santa Rosa, California. The lab conducts a drug screen and returns the results to ASAP.

Defendant's sample underwent this procedure and tested positive for marijuana use, in violation of Condition 6 of the ASAP agreement. ASAP then forwarded a non-compliance report to defendant's probation officer. Upon receipt of this report, the officer wrote and swore to a petition stating that defendant had violated probation by failing to abide by a condition of the ASAP program.

At the hearing on September 19, ASAP director Margaret Reynolds-Messervy testified regarding defendant's enrollment, ASAP's drug-testing regimen, and defendant's non-compliance with ASAP's requirements. The government attempted to introduce the toxicology report prepared by the lab through Ms. Reynolds-Messervy's testimony, and defendant objected on the grounds that doing so would violate his confrontation rights, citing Federal Rule of Criminal Procedure 32.1(b)(2)(C), which provides that a defendant facing revocation of

---

[1] While this matter was litigated on the issue of defendant's violation of the ASAP agreement, the positive drug test implicated other explicit conditions of defendant's probation, including the requirements that he not "illegally possess a controlled substance" or "commit another federal, state, or local crime." *See* Docket no. 10.

supervised release is "entitled to . . . an opportunity to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear."

The court asked both parties to submit memoranda addressing the objections raised by defense counsel, including whether the Supreme Court's decisions in *Crawford* and in *Davis v. Washington*, 126 S. Ct. 2266 (2006) apply to probation revocation hearings. A hearing was held on October 24, 2006 for oral argument on the objection.

Two issues are before the court:

1) Do the Supreme Court's recent decisions in *Crawford* and *Davis* apply to probation revocation hearings?

2) If not, did the evidence satisfy defendant's confrontation rights as laid out in *Morrissey v. Brewer*, 408 U.S. 471 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)?

**Analysis**

The Supreme Court's decisions in *Crawford* and *Davis* do not apply to a probation revocation proceeding because it is not a "criminal prosecution." For further discussion of this question, see this court's opinion in *United States v. Palmer*, 1:05mj203 (E.D. Va. November 15, 2006).

As explained more fully in *Palmer*, the Supreme Court's decisions in *Morrissey* and *Gagnon* do afford due process protections to defendants in probation revocation proceedings, including the right to "confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Morrissey*, 408 U.S. at 489.

The Fourth Circuit has held that hearsay evidence is admissible, and thus confrontation is not necessary, where the evidence is sufficiently reliable. *See United States v. McCallum*, 677 F.2d 1024, 1026 (4th Cir. 1982). In circumstances where the reliability of the evidence is

3

questionable, the Fourth Circuit has suggested that the court should weigh the reliability of the evidence against defendant's interest in confrontation and the burden that producing the witness places on the government. *See United States v. Perkins*, 8 Fed. Appx. 191. 193-94 (4th Cir. 2001) (unpublished). Other circuits have engaged more explicitly in a balancing test. *See*, *e.g.*, United *States v. Rondeau*, 430 F.3d 44, 48-49 (1st Cir. 2005); *United States v. Martin*, 382 F.3d 840, 845 (8th Cir. 2004).

Applying the Fourth Circuit test, the court finds that due process does not require that the government produce the chemist who performed defendant's positive drug test. Urinalysis drug tests are objective scientific processes and their reliability is strong. *See United States v. Bell*, ("urinalysis lab reports bear substantial indicia of reliability [as] the regular reports of a company whose business it is to conduct such tests, and which expects its clients to act on the basis of its reports.").[2] Unlike the police reports dealt with in *Palmer*, urinalysis drug tests are not the product of a person's subjective observations of a set of events  No evidence or argument was offered to show this particular test may have been tainted or inaccurate in some way.

---

[2] In another approach to determining reliability, in *United States v. Aspinall*, 389 F.3d 332, 343-44 (2nd Cir. 2004) the Second Circuit held that a balancing analysis is inapplicable where the out-of-court statement falls within an established hearsay exception. While the Federal Rules of Evidence do not apply to probation revocation hearings, reference to the hearsay exceptions contained in those rules serves as a useful proxy for the reliability of evidence. At the hearing on September 21, the government did not make an explicit argument that the lab report offered in this case meets the requirements for hearsay evidence to be admitted under the business records exception. *See* Fed. R. Ev. 803(6). However, it appears that the urinalysis test lab report does meet the definition of a business record as the " regular reports of a company whose business it is to conduct such tests." *See United States v. Kindred*, 918 F.2d 485, 487 (5th Cir. 1990) (also noting that "the government has an interest in minimizing the difficulty and expense of procuring witnesses for revocation hearings."); *United States v. Penn*, 721 F.2d 762 (11th Cir.1983).

While a finding of strongly reliability is sufficient under Fourth Circuit precedent, the other factors traditionally considered by courts also argue against requiring live testimony in this case. In the circumstances presented here, defendant's confrontation interests are relatively slight. There is little he might gain from the chance to cross-examine the chemist who performed the test on his urine sample. *See United States v. McCormick*, 54 F.3d 214, 222 (5th Cir. 1995) ("a [defendant's] interest in cross-examining a laboratory technician regarding a scientific fact is less than would be his interest, for example, in confronting a hearsay declarant regarding what that declarant may have seen . . ."). Furthermore, the burden on the government in producing the chemist who performed the drug test is significant, as the lab is located in California. This burden is not outweighed by whatever minimal benefit the defendant would receive from questioning the lab technician, especially in this case where the defendant has admitted additional violations of his probation.

## **Conclusion**

_____For these reasons, defendant's objection to receipt of the hearsay evidence has been overruled, and the court found that he violated the condition of probation as alleged in the petition.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

November 20, 2006
Alexandria, Virginia